**In re Helen Coates HESTER, Debtor.**

**HERITAGE SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Helen Coates HESTER and William C. Parkinson, Jr., Trustee, Defendants.**

**Bankruptcy No. 84–00047–R.**
**Adv. No. 84–0025–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 1, 1984.

Winfrey T. Wade, Richmond, Va., for plaintiff.

Bruce E. Arkema, William C. Parkinson, Jr., Richmond, Va., for defendants.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing by Heritage Savings and Loan Association (the "Lender") of a motion for relief from the automatic stay provisions of 11 U.S.C. § 362. For similar reasons, the Lender has objected to confirmation of the debtor's Chapter 13 plan. After holding evidentiary hearing pursuant to the Lender's motion, the parties filed memoranda in support of their positions. After considering the evidence adduced at trial and the arguments set forth by the parties, the Court renders the following opinion.

### STATEMENT OF FACTS

The Lender holds a note made by the debtor and her husband on October 20, 1978 in the principal amount of $39,350.00. That note is secured by a deed of trust on real property known as 10400 Reams Road, Richmond, Virginia. The debtor currently

is the sole owner of the real property which secures the Lender's obligation.

The debtor testified at the preliminary hearing on this motion that her husband was responsible for paying the Lender the monthly payment on the subject note pursuant to a separation agreement between them. She also testified that her husband failed to make said payments and concealed the delinquency notices sent to her from the Lender. On November 30, 1983 the debtor received a certified letter stating that the Lender was conducting a foreclosure sale on January 4, 1984. At the foreclosure the debtor was the high bidder, deposited $500.00 cash with the Lender, and was scheduled to settle the transaction on January 13, 1984. The debtor testified that she was able to arrange for financing in the amount of $27,000.00 prior to January 13, 1984; however, was unable to secure additional financing. Consequently, on January 13, 1984, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

The debtor's Chapter 13 plan (currently her "third amended plan") does not seek to de-accelerate the accelerated note and reinstate the note and deed of trust in favor of the Lender, but rather seeks to pay the entire amount due to the Lender with interest over the life of the Chapter 13 plan. The debtor concedes that the Lender validly accelerated the note and that the entire amount of the note is now due and owing.

On January 20, 1984, the Lender filed a motion for relief from the automatic stay. This Court held a preliminary hearing on the Lender's motion for relief from stay on February 14, 1984. The Lender testified that the present balance due was approximately $44,000.00. The debtor testified that the house was worth between $62,-000.00—$64,000.00 on the open market and that it was currently assessed at $56,-900.00.

## CONCLUSIONS OF LAW

In the instant matter the Lender has accelerated the debtor's deed of trust note for default in payments. The Lender then, pursuant to its rights under the deed of trust, sought to sell the real property that served as its security at foreclosure. The debtor was the high bidder at the foreclosure sale. However, the debtor filed bankruptcy prior to settlement and now seeks to reject the executory contract she has to purchase the property at foreclosure with the trustee under the deed of trust. The filing of a petition in bankruptcy by the debtor has stayed any further action by the trustee under the deed of trust to dispose of the property and satisfy the Lender's obligation.

The Lender in order to readvertize and resell the property at foreclosure seeks relief from the provisions of the automatic stay pursuant to 11 U.S.C. § 362(d), which provides in pertinent part as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to effective reorganization.

11 U.S.C. § 362(d). Therefore, a creditor (the Lender in this matter) is entitled to relief if either (1) or (2) as set out above is satisfied.

With respect to § 362(d)(2), the Lender in this matter is not entitled to relief because in this Chapter 13 debt adjustment proceeding the debtor's place of residence is deemed necessary for an effective reorganization. Moreover, the Lender did not establish that the debtor did not have equity in such property. The Lender had the burden of proof to show that the debtor lacked such equity, 11 U.S.C. § 362(g)(1), and it failed to so establish a lack of equity. In addition, the evidence presented established that the debtor did,

**196**

in fact, have equity in such property. Thus, for these reasons, relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) must be and will be denied.

With respect to § 362(d)(1), the Lender is entitled to relief from the automatic stay if cause, including lack of adequate protection of an interest in property, is established. The Lender's interest in the debtor's real property appears to be adequately protected at this time. The debtor has proposed a Chapter 13 plan which will pay the Lender's entire indebtedness with interest over the life of the plan. The debtor is currently under a wage assignment whereby the standing trustee is receiving monthly payments in an amount equal to those proposed payments under the plan. Therefore, nothing thus far suggests that the debtor is unable to comply with the proposed terms of her Chapter 13 plan. In fact, the Lender will receive full payment of its obligation sooner under the debtor's presently proposed Chapter 13 plan than if the obligation continued for its full term or if the debtor had attempted to deaccelerate the obligation under her plan. The matter presently before the Court is purely that of relief from stay and not whether any plan will or can be confirmed by the Court. (A confirmation hearing in this matter is scheduled for May 14, 1984.) Should confirmation of the debtor's Chapter 13 plan, or any Chapter 13 plan, prove impossible within a reasonable period, relief may be appropriate at that time because there may then be a lack of adequate protection of the Lender's interest in the subject property or it may become unnecessary to an effective reorganization.

It is important to note that the rights of third parties have not intervened in this matter at this time. Until such time that the trustee under the deed of trust executes a deed to real estate transferring title, said trustee's interest is retained for the benefit of the noteholder, and the noteholder's lien continues in existence until its obligation is satisfied and the title is transferred. Moreover, nothing contained herein is intended to preclude the noteholder its expenses incurred in furtherance of its legal rights under the deed of trust and note. Said expenses shall constitute a lien on said real estate to the extent provided for in the deed of trust securing the Lender's obligation.